IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNELL WATTS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. ABERNATHY, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-0715-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for injunctive relief (ECF No. 24).

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

1

1  injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public

2  interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot,

3  however, issue an order against individuals who are not parties to the action. See Zenith Radio

4  Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking

5  injunctive relief with respect to conditions of confinement, the prisoner's transfer to another

6  prison renders the request for injunctive relief moot, unless there is some evidence of an

7  expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975);

8  Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In this case, plaintiff seeks an order directing prison officials to remove the "R" suffix from his file. The court finds such an order would not be appropriate. First, as discussed in the court's September 10, 2019, order, as currently pleaded plaintiff has no chance of success on the merits of his case because he has not stated a cognizable claim. Second, even if plaintiff does state a cognizable claim, plaintiff has not demonstrated any likelihood he would suffer irreparable harm absent an order removing the "R" suffix. Specifically, plaintiff has not explained how inclusion of the "R" suffix creates any risk of harm. To the extent plaintiff alleges inclusion of the "R" suffix to his file lets other inmates know his conviction offense, plaintiff does not claim that the "R" suffix designation is something generally made known to other inmates.

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 24) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days

///
///
///
///
///
///
///

after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 3, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE